UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| MICHAEL ST. CLAIR,   )<br>    )<br>    Plaintiff,   )<br>    )<br>v.   )<br>    )<br>MATT G. BEVIN, et al.   )<br>    )<br>    Defendant.   )  | Civil No. 3:17-cv-00065-GFVT<br><br>**MEMORANDUM OPINION**<br>**&**<br>**ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Defendant James Erwin's Motion for Screening and Extension of Time, pursuant to 28 U.S.C. § 1915A. [R. 4.] Under § 1915A, a Court is required to screen a complaint when a prisoner seeks redress from a governmental entity or officer. Defendant Michael St. Clair does not oppose the screening, but maintains that his claims are not frivolous and should not be dismissed. [R. 5.] The Court has screened Mr. St. Clair's Complaint and finds he has failed to state a claim upon which relief may be granted. For the following reasons, Mr. St. Clair's claims are dismissed.

**I**

Mr. St. Clair previously filed a similar action in this Court, but the former action was dismissed as premature. *St. Clair v. Thompson*, No. 3:14-CV-00056-GFVT, 2015 WL 1526118 (E.D. KY. Apr. 3, 2015). He explains, in September 1991, in Oklahoma, he was convicted of two counts of first-degree murder and one count of solicitation to first-degree murder, and on these convictions, he received two sentences of life imprisonment without the possibility of parole and one additional life sentence. [R. 1 at ¶6.] In January 1994, also in Oklahoma, he was

convicted of two additional counts of murder and received two additional life without parole sentences. *Id.* at ¶7. In Oklahoma alone, he has received four different life without parole sentences.

In October 1991, while in prison in Oklahoma awaiting sentencing for his 1991 conviction, Mr. St. Clair escaped from prison, fleeing to Hardin County, Kentucky. *St. Clair v. Thompson*, at *1. Upon arrival, he and Dennis Gene Reese ("Reese") kidnapped Frances Brady (also known as Frank Brady) and stole his pickup truck. *Id.* They transported Mr. Brady to Bullitt County, where they murdered him. *Id.* Subsequently, Mr. St. Clair and Mr. Reese parted ways before they were arrested separately. *Id.* Due to the kidnapping of Mr. Brady in Hardin County, Kentucky, and his subsequent murder in Bullitt County, Kentucky, criminal charges were filed against Mr. St. Clair in Hardin Circuit Court relative to the kidnapping of Mr. Brady and in Bullitt Circuit Court relative to Mr. Brady's murder. *Id.*

**A**

On December 20, 1991, Mr. St. Clair was indicted in Hardin Circuit Court for two counts of receiving stolen property, criminal attempt to commit murder, and second-degree arson. *See Commonwealth of Kentucky v. Michael St. Clair*, No. 91-CR-00207. Later, on January 17, 1992, the Hardin County Grand Jury indicted him for the capital kidnapping of Brady. *See Commonwealth of Kentucky v. Michael St. Clair*, No. 92-CR-00002. On June 19, 1998, the Commonwealth filed its Notice of Intent to Seek Death Penalty. Mr. St. Clair was convicted in February of 2001 of the capital kidnapping of Mr. Brady, and he was sentenced to death. He appealed his conviction to the Kentucky Supreme Court. On October 20, 2005, the Kentucky Supreme Court reversed his conviction and remanded for a new trial. *St. Clair v. Commonwealth of Kentucky*, 174 S.W.3d 474 (Ky. 2005). On remand, the Hardin County kidnapping case went

2

to trial again in 2009, but it was prematurely terminated due to a mistrial. Before the case could be tried again, Mr. St. Clair petitioned the Kentucky Supreme Court for a writ of prohibition barring his retrial, arguing that retrial would violate both the Interstate Agreement on Detainers and his federal and state constitutional rights to a speedy trial. *St. Clair v. Coleman*, No. 2007-SC-000901, 2008 WL 2484715 (Ky. June 19, 2008) (unpublished opinion). However, the Supreme Court denied St. Clair's petition. *Id.*

The Hardin County case went to trial a third time in 2012. The jury in the third trial found Mr. St. Clair guilty of all counts, except for the arson charge, for which he was convicted of the lesser-included offense of criminal facilitation of second-degree arson. In the sentencing phase, the jury recommended Mr. St. Clair be sentenced to death for the kidnapping, as well as sentences of twenty years in prison for attempted murder of the Kentucky State Trooper, five years for each count of receiving stolen property, and five years for facilitation of arson, all to be served consecutively for a total of thirty-five (35) years. The trial court sentenced him in accordance with the jury's recommendation.

Mr. St. Clair appealed his conviction and sentence to the Kentucky Supreme Court. *St. Clair v. Commonwealth of Kentucky*, No. 2012-SC-000130-MR. St. Clair raised thirty-five (35) claims in this appeal. On February 19, 2015, the Supreme Court reversed his convictions, addressing only those claims necessary to its decision, and remanded for a new trial. *St. Clair v. Commonwealth of Kentucky*, 455 S.W.3d 869 (Ky. 2015). On April 12, 2017, Mr. St. Clair pleaded guilty to the Hardin County charges in exchange for a total sentence of thirty years in prison. [R. 1 at 4.] The Hardin Circuit Court entered a judgement consistent with this deal on June 15, 2017. *Id.*

3

**B**

Meanwhile, in February 1992, Mr. St. Clair and Mr. Reese were jointly indicted in Bullitt Circuit Court, Bullitt County, Kentucky, for the murder of Mr. Brady. *See Commonwealth of Kentucky v. Michael St. Clair*, No. 92-CR-010. Mr. Reese entered a guilty plea in Bullitt Circuit Court and agreed to testify for the Commonwealth. Mr. St. Clair pleaded not guilty and proceeded to trial. In 1998, Mr. St. Clair was convicted of Mr. Brady's murder and received a death sentence, in accordance with the jury's recommendation. On direct appeal, the Kentucky Supreme Court affirmed the conviction but remanded for a new capital sentencing phase trial because the jury was not instructed on life without the possibility of parole as a sentencing alternative. *St. Clair v. Commonwealth*, 140 S.W.3d 510 (Ky. 2004) (hereinafter *St. Clair I Bullitt*).

In September 2005, Mr. St. Clair was again sentenced to death. In April 2010, the Kentucky Supreme Court again reversed that sentence and remanded for a new sentencing phase because of inadequate jury instructions. *See St. Clair v. Commonwealth*, 319 S.W.3d 300, 306-08 (Ky. 2010) (hereinafter *St. Clair II Bullitt*). Subsequently, in July 2010, Mr. St. Clair moved for a new trial, claiming comparative bullet lead analysis (CBLA) evidence, which had been used in the guilt phase of his 1998 trial, had recently been determined unreliable and thus inadmissible. The Bullitt Circuit Court denied the motion in January 2011. Initially, he sought interlocutory relief at the Kentucky Court of Appeals, but voluntarily dismissed the action because it could be consolidated with the appeal of the sentence.

In October 2011, the Bullitt Circuit Court sentenced Mr. St. Clair to death. He appealed both the denial of his motion for a new trial and his death sentence to the Kentucky Supreme Court, raising thirty-two (32) claims. *St. Clair v. Commonwealth of Kentucky*, No. 2011-SC-

000774-MR. On August 21, 2014, the Kentucky Supreme Court affirmed his conviction for murder and his death sentence. *St. Clair v. Commonwealth*, 451 S.W.3d 597 (Ky. 2014) (*rehr'g denied*, February 19, 2015) (Ky. 2014) (hereinafter *St. Clair III Bullitt*).

## C

While these criminal charges in Kentucky were pending against Mr. St. Clair, he remained incarcerated in Oklahoma, serving four life without parole sentences for his murder convictions in Oklahoma. Pursuant to the terms of an Executive Agreement entered into in February of 1995 between the Governor of Oklahoma and the Governor of Kentucky, Oklahoma authorities released Mr. St. Clair to the custody of Kentucky authorities for transport to Kentucky for purposes of trial on the criminal charges pending against him in Kentucky. Exhibit 1 to Complaint, *St. Clair v. Thompson*, No. 3:14-CV-00056-GFVT, 2015 WL 1526118 (E.D. Ky. Apr. 2, 2015). In this Executive Agreement, the two Governors also agreed if Mr. St. Clair were acquitted of the charges in Kentucky, or if his prosecution in Kentucky were terminated in any manner other than by reason of imposition of a judgment and sentence of death, Mr. St. Clair was to be returned to Oklahoma for continued service of his prison sentences there. *Id.* On May 20, 1999, the Oklahoma State Penitentiary sent a request to the Kentucky State Penitentiary to file a detainer for Mr. St. Clair on behalf of the Oklahoma Department of Corrections. [R. 1 at 4.]

Because Mr. St. Clair's death sentence resulting from his convictions in Kentucky was affirmed in 2014, he now requests declaratory relief as well as attorney's fees, costs, and expenses incurred in prosecuting this action. He seeks an order declaring his convictions and sentences in Oklahoma are satisfied and that Kentucky is prohibited from returning him to the custody of Oklahoma. [R. 1 at 2.]

## II

Pursuant to 28 U.S.C. § 1915A, a district court shall review a civil complaint in which a prisoner seeks redress from a governmental entity. The Court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470–71 (6th Cir. 2010). When testing the sufficiency of Mr. St. Clair's complaint, the Court affords it a forgiving construction, accepting as true all non-conclusory factual allegations and liberally construing its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012). Mr. St. Clair does not contest that § 1915A screening is proper. However, he maintains that his claims are neither frivolous nor malicious and that his complaint states a claim upon which relief can be granted. [R. 5 at 2.]

Mr. St. Clair has been incarcerated in Kentucky since May 11, 1995. [R. 1 at ¶15.] He is currently serving a death sentence. *Id.* at ¶ 12. Mr. St. Clair simultaneously requests this Court to issue declaratory relief affirming the agreement between Oklahoma and Kentucky while also alleging the agreement violates state and federal law. *Id.* at ¶ 10. Most importantly, Mr. St. Clair admits that Oklahoma has not requested his return and does not allege any possibility of his return to Oklahoma. *Id.* at ¶ 14.

A federal court may issue a declaratory judgment in "a case of actual controversy within its jurisdiction." 28 U.S.C. § 2201. An "actual controversy" requires that the parties have actual, adverse legal interests, not merely hypothetical or abstract controversies. *Aetna Life Ins. Co. of Hartford v. Haworth*, 300 U.S. 227, 240–41 (1937). Mr. St. Clair has admitted that Oklahoma has not sought his return. Nor has he alleged that Kentucky's actions have created a reasonable apprehension that he will return to Oklahoma. *See Sankyo Corp. v. Nakamura Trading Corp.*,

139 F. App'x 648, 651 (6th Cir. 2005). Because of this, any dispute between the parties is merely hypothetical, not presenting an actual controversy. *N. Am. Nat. Res., Inc., v. Strand*, 252 F.3d 808, 812 (6th Cir. 2001). Without an actual controversy, Mr. St. Clair's case is not justiciable within the meaning of Article III. *Calderon v. Ashmus*, 523 U.S. 740, 749 (1998). Therefore, his complaint must be dismissed for lack of jurisdiction.

### III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED**:

1. Defendant Erwin's Motion for Screening pursuant to 28 U.S.C. § 1915A [R. 4] is **GRANTED**;

2. Following a screening pursuant to 28 U.S.C. § 1915A, Plaintiff St. Clair's Complaint [R. 1] is **DISMISSED**; and

3. Defendant Erwin's Motion for Extension of Time [R. 4] is **DENIED AS MOOT**.

This the 2d day of March, 2018.

Gregory F. Van Tatenhove
United States District Judge